IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **THERESE ANN GAYHARDT,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil No. SAG-24-00211 |
| | * |
| **GENESIS HEALTHCARE, LLC,** *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Therese Ann Gayhardt filed this lawsuit in state court against Defendant Genesis Healthcare, LLC, 613 Hammonds Lane Operations, LLC, and Leanna Lennox (collectively "Defendants"), asserting claims arising out of her employment. ECF 2. The original Complaint, ECF 2, asserted six state law claims and one claim pursuant to the Family and Medical Leave Act ("FMLA"), a federal statute. On the basis of that seventh count, Defendants removed the lawsuit to this Court, citing federal question jurisdiction. ECF 1. Plaintiff responded by filing an Amended Complaint as a matter of right, replacing the FMLA count with a count pursuant to the Maryland state law analogue. ECF 10. Plaintiff has now filed a motion to remand this case to state court because no federal question is now presented. ECF 17. Defendants opposed the motion, ECF 21, and Plaintiff filed a reply, ECF 22. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Plaintiff's Motion to Remand will be granted and the case will be remanded to state court.

I.   **LEGAL STANDARD**

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have "original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000" and "is

1

between citizens of different States." 28 U.S.C. § 1332(a)(1). All other cases are reserved to the state courts. *Cf. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction.").

When a case is removed to federal court, courts "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Receivership of Mann Bracken, LLP v. Cline*, Civ. No. 12-CV-0292, 2012 WL 2921355, *2 (D. Md. 2011) (quoting *Stephens v. Kaiser Found. Health Plan of the Mid–Atl. States, Inc.*, 807 F. Supp. 2d 375, 378 (D. Md. 2011)). As the Fourth Circuit has explained, "The burden of establishing federal jurisdiction is placed upon the party seeking removal . . . Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction . . . If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). Nevertheless, because the decision to remand is largely unreviewable, district courts should be cautious about denying a defendant access to a federal forum. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914–15 (D. Md. 1997).

**II.   ANALYSIS**

Two relevant facts cannot be reasonably disputed: (1) at present, no federal question is presented and (2) Plaintiff made the amendment solely for the purpose of eliminating federal jurisdiction. The parties also agree that at present, this Court has discretion to determine whether to exercise supplemental jurisdiction to keep this case in federal court. ECF 17-1 at 5–13; ECF 21 at 2–4.

Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction" over state claims if, *inter alia*, the court "has dismissed all claims over which it has original jurisdiction," or, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c). The Supreme Court has explained that district judges should

2

"consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Id.* (footnote omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

After considering the *Carnegie-Mellon* factors, this Court will decline to exercise supplemental jurisdiction over the Plaintiffs' pendent state law claims. This Court has had no involvement in this case until this instant motion, and this litigation is at its earliest stages. Any discovery that has been conducted will not be wasted, as it will be relevant in the state court proceeding. While this Court is entitled to consider Plaintiff's forum manipulation in making its determination, this Court is unpersuaded that the interest in deterring forum manipulation should outweigh the more important considerations of federalism and comity, and the preference that state claims be adjudicated in state court. *See, e.g.*, *Green v. Baltimore City Police Dep't*, No. 10-CV-3216, 2011 WL 335868, at *2 (D. Md. Jan. 31, 2011) (declining to exercise supplemental jurisdiction notwithstanding forum manipulation concerns); *Berry v. PLC, Inc.*, No. 06-CV-0006, 2006 WL 1042373, at *2 (D. Md. Apr. 20, 2006) (same).

## III.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Remand, ECF 17, is GRANTED and this case will be remanded to the Circuit Court for Anne Arundel County for further proceedings. The federal case will be CLOSED. A separate Order is filed herewith.

Dated:  March 29, 2024                                    /s/
                                                                                              Stephanie A. Gallagher
                                                                                             United States District Judge